UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20554-CIV-COOKE/BANDSTRA

MARK ROUSSO and
MARK KATSMAN,

    Plaintiffs,

vs.

LIBERTY SURPLUS INSURANCE
CORPORATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court on Plaintiff Mark Katsman's Verified Motion for Attorney's Fees and Costs (D.E. 73) filed on February 22, 2011; and Plaintiff's Amended Bill of Costs (D.E. 74) filed on February 23, 2011. On February 23, 2011, these motions were referred to United States Magistrate Judge Andrea M. Simonton for appropriate resolution pursuant to 28 U.S.C. § 636(b). On April 1, 2011, this matter was reassigned to the undersigned pursuant to Administrative Orders 2010-145 and 2011-18. Accordingly, the undersigned has reviewed these motions, all responses and replies thereto, the court file and applicable law. Based on that review, the undersigned respectfully recommends:

    a. that Plaintiff Mark Katsman's Verified Motion for Attorney's Fees and Costs be DENIED; and

    b. that Plaintiff's Amended Bill of Cost be DENIED.

## BACKGROUND

On February 22, 2010, Mark Rousso and Mark Katsman ("plaintiffs") commenced this action against Liberty Surplus Insurance Corporation ("defendant") alleging a claim for statutory bad faith pursuant to Fla.Stat. §624.155 which authorizes a plaintiff to recover damages from an insurer where the insurer violates certain statutory provisions or commits certain acts set forth in the statute. See Fla.Stat. §§ 624.155 (1)(a) & 624.155(1)(b). Plaintiffs are two of three equity partners in the now-defunct law firm of Roth Rousso & Katsman LLP. Defendant is an insurer which issued a professional liability policy of insurance to the law firm with an aggregate policy limit of $3,000,000.

Specifically, plaintiffs alleged that they were subjected to at least twenty-three third-party claims arising from misappropriations of the law firm's trust account funds by the firm's former bookkeeper and office manager from February 2009 to the present . See Cpt., ¶¶ 24-26, 30-32. Plaintiffs further alleged that they timely notified defendant of the claims pursuant to the policy and that they were assured by defendant's coverage counsel that the claims would be promptly paid. Cpt., ¶¶ 39 & 44. Nevertheless, defendant allegedly delayed settlement of the claims. Cpt., ¶ 48. As a result, plaintiffs filed a Civil Remedy Notice of Insurer Violations on July 29, 2009. Cpt., ¶ 48, Exh. B. On August 31, 2009, defendant issued a reservation of rights letter, conceding that it owed plaintiffs defense and indemnity in connection with the claims. Cpt., ¶ 53.

Based on these and other allegations, plaintiffs alleged a claim against defendant for statutory bad faith in violation of Fla. Stat. §§ 624.155 and 626.9541, essentially arguing that defendant failed to properly and promptly investigate the claims and delayed in articulating a coverage position which resulted in damages to the plaintiff policyholders.

2

On April 5, 2010, defendant moved to dismiss the Complaint on the grounds that (1) plaintiffs failed to satisfy a condition precedent to a statutory bad faith claim in view of the insufficiency of plaintiffs' civil remedy notice; (2) plaintiffs lawsuit was premature as certain claims remained unresolved and damages were undeterminable; and (3) plaintiffs failed to join indispensable parties to this lawsuit, i.e., the third partner, Leonard Roth and the law firm itself.

Following full briefing of the above issues, the Court granted defendant's motion to dismiss without prejudice by Order dated August 13, 2010. In so ruling, the Court found, *inter alia,* that plaintiffs' civil remedy notice failed to meet the specificity requirements imposed by Fla. Stat. § 624.155 in that the notice failed to inform the insurer of the facts underlying the alleged violations or the corrective action that the insurer needed to take in order to remedy the alleged violations. See August 13, 2010 Order (D.E. 52).

On September 9, 2010, plaintiffs filed a motion for reconsideration of the Court's August 13 Order of Dismissal. The Court denied plaintiffs' motion for reconsideration on October 27, 2010.

Meanwhile, defendant paid out its full policy limits of $3,000,000 to the claimants identified by plaintiffs. On November 17, 2010, this Court granted plaintiffs' counsel's motion to withdraw from representation of plaintiff Mark Rousso and ordered Mr. Rousso to secure new counsel or advise the Court of his intention to proceed *pro se* by December 1, 2010.

After plaintiffs' failed to file an amended complaint or take any action in furtherance of the prosecution of this case including not advising this Court of Mr. Rousso's intentions with respect to his representation, the Court held a status conference on January 7, 2011

to discuss these matter. At the status conference, the Court ordered Plaintiff Mark Katsman to file an amended complaint on or before January 26, 2011, and Plaintiff Mark Rousso to notify the Court by January 17, 2011 as to whether he retained new counsel or would be appearing *pro se.*

On January 13, 2011, Plaintiff Mark Rousso filed a Suggestion of Bankruptcy. Plaintiff Mark Katsman filed a notice of voluntary dismissal with prejudice on January 26, 2011. As a result, this Court entered an Order of Dismissal without prejudice pursuant to Fed.R.Civ.P. 41(a)(1) on January 31, 2011.

On February 22, 2010, Plaintiff Mark Katsman filed the instant Verified Motion for Attorney's Fees and Costs and [Amended] Bill of Costs raising the issues addressed below.

## **FINDINGS AND CONCLUSIONS**

Plaintiff moves for an award of attorney's fees and costs pursuant to Fla. Stat. § 627.428. This statute provides for an award of reasonable attorney's fees upon the rendition of a judgment or decree by any court against an insurer and in favor of an insured. Plaintiff claims that even though this Court did not enter a judgment on the merits of this case, he is still entitled to an award of attorney's fees since this lawsuit prompted defendant's payment of its policy limits which payment, in turn, constitutes a confession of judgment. Thus, plaintiff seeks an award of fees under the statute in the amount of $290,198.50, representing 1,301.10 hours of attorney time at rates of $50 to $210 per hour. In addition, plaintiff seeks to recover $10,315.76 in taxable costs pursuant to 28 U.S.C. §§1920 and 1924.

Defendant opposes an award of attorney's fees on the ground that plaintiff has not

prevailed as required for an award of fees under §627.428. Specifically, defendant argues that the purported confession of judgment occurred prior to the lawsuit and, thus, this bad faith lawsuit was unnecessary and the complaint was premature. Indeed, defendant maintains that prior to this lawsuit it had already agreed to pay and was in the process of paying the claims only subject to review by a forensic accountant.[1] Defendant also contends that the amount of fees requested is excessive based on the number of hours claimed to have been expended in this case. In addition, defendant opposes an award of taxable costs on the grounds that the bill of costs is untimely and not supported by applicable law.

The sole basis for awarding attorney's fees to plaintiff in this case is Fla. Stat. §627.428.[2] This statute provides in relevant part:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the

---

[1] Defendant also notes that any claims it paid may have been based on fraud or mistake in the event it is determined that plaintiff or his partners were involved in the fraud that was the subject matter of these claims as suggested by Florida Bar Complaints filed against Mr. Roth and Mr. Rousso. Because the record before the undersigned does not contain any evidence implicating plaintiff in fraud, the undersigned has not considered this argument in reaching this recommendation.

[2] The parties agree that in this diversity case, Florida law governs this Court's determination on attorney's fees. See e.g., Prime Ins. Syndicate, Inc. v. Soil Tech Diatribe., Inc.,270 Fed.Appx. 962, 963 (11th Cir. 2008) ("We have consistently recognized that in diversity cases a party's right to attorney's fees is determined by reference to state law"); All Underwriters v. Weisberg, 222 F.3d 1309, 1311-12 (Fla. 2000) (determining that Fla. Stat. §627.428 is substantive law under the *Erie* doctrine).

> trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. §627.428(1).

The Supreme Court of Florida has held that the purpose of Fla. Stat. §627.428 (and its predecessor) is to discourage the contesting of valid claims by insurance companies and to reimburse successful insureds for their attorney fees when they are compelled to defend or sue to enforce their insurance contracts. Insurance Company of North America v. Lexow, 602 So.2d 528 (Fla. 1992). Thus, the statute penalizes insurers for wrongfully causing its insured to resort to litigation to resolve a conflict. Leaf v. State Farm Mutual Automobile Insurance Co., 544 So.2d 1049 (Fla. 4th DCA (1989); Government Employees Insurance Company v. Battaglia, 503 So.2d 358 (Fla. 5th DCA 1987).

Plaintiff correctly notes that Florida courts have held that under certain circumstances, payment of this claim is the functional equivalent of a confession of judgment or verdict in favor of the insured on the basis that the insurance company should not be able to avoid this statutory provision by merely waiting until suit is filed before paying proceeds. See Mercury Insurance Co. Cooper, 919 So.2d 491 (Fla. 3d DCA 2005). However, courts should be mindful of "a fundamental due process concern in finding that an insurance company which appropriately pays a valid claim according to the Policy terms must still pay attorney's fees, because a claimant sued it to do what it was already in the process of doing." Tristar Lodging, Inc. v. Arch Spec. Ins. Co., 434 F.Supp.2d 1286 (M.D. Fla. 2006). Thus, this statute has consistently been interpreted by Florida courts as

authorizing the recovery of attorney's fees from the insurer only when the insurer has wrongfully withheld payment of the proceeds of the policy. See Bohlinger v. Higginbotham, 70 So.2d 911 (Fla. 1954) and cased cited therein.

Applying this standard here, the undersigned first finds that the record is devoid of any evidence that defendant ever wrongfully denied payment of the proceeds of the subject policy. Prior to the commencement of this lawsuit defendant had advised plaintiffs that there was coverage under the Policy and conceded that it owed plaintiff defense and indemnity in connection with the underlying claims. See August 31, 2009 Reservation of Rights (D.E. 1, Exh. C). Defendant also had deposited $2,850,000 into an escrow account and stated that it was "ready, willing and able to commence payment of the claims" upon receipt of documentation verifying the amount of the alleged claims, the priority of the payment of the claims and the submission of a report by their forensic account. See November 17, 2009 Letter (D.E. 80, Exh. D). In addition, plaintiff concedes that defendant had already paid one of the claims ("Davis action") prior to initiation of this action. See Cpt., ¶¶ 79-80 (D.E. 1).

Despite the foregoing sequence of events, plaintiff maintains that this lawsuit even though dismissed for failure to satisfy a condition precedent, was a necessary catalyst which prompted defendant to pay the full policy limits. The undersigned disagrees, finding that the filing of this action was premature and not the type of litigation contemplated for an award of fees pursuant to §627.428. As recognized by Judge Huck in the Court's August 13, 2010 Order of Dismissal:

> A claim against a professional liability policy would typically consist of a

> single claimant necessitating a single investigation. In this case there are twenty-three claims, at least one of which the insured disputes. The Defendant was well within its right to investigate the claims to ensure that it did not pay invalid claims. Moreover, given that the claims far exceeded the coverage amount, the Defendant, together with the Plaintiffs, should have an opportunity to determine not only which claims to pay, but in which amount. Or, if it is not possible to pay all legitimate claims (which appears to be the case), how to prorate payouts based on the policy limit.

Id. (D.E. 52, fn. 2). Indeed, this case was dismissed due to the deficiency of the civil remedy notice, a deficiency which was never cured despite the dismissal of this case without prejudice. As stated above, §627.428 and its predecessors have consistently been construed to authorize an award of attorney's fees from an insurer only when the insurer has wrongfully withheld payment of the proceeds of the policy. See Tristar Lodging, Inc. v. Arch Speciality Insurance Company, 434 F.Supp.2d 1286 (M.D. Fla. 2006) (citations omitted). Here, coverage was not contested and payment of the policy proceeds was not wrongfully withheld. Rather, defendant was awaiting clarification of the claims and supporting documentation. "Insured are not required to pay any amount demanded by their insured to avoid a bad faith claim." See August 13, 2010 Order, pg. 6 (D.E. 52). This conclusion is supported by Tristar Lodging, Inc., wherein the Middle District explained that allowing recovery of attorney's fees in situations similar to the one here would encourage an insured to prematurely sue whenever a claim is contemplated in an effort to reap attorney's fees. Specifically, the court declined to read the statute so broadly reasoning that "[i]f plaintiff were correct, then it would behoove every policyholder to sue whenever a claim is contemplated because regardless of whether the claim is eventually adjusted downward or paid in full, attorney's fees would automatically result." Id. at 1297-98.

## COSTS

Plaintiff also seeks an award of costs, arguing that he is the prevailing party as a result of defendant's alleged confession of judgment. For reasons discussed above, the undersigned rejects plaintiff's argument that defendant's payment of claims made pursuant to the provisions of the policy has been converted into a confession of judgment entitling plaintiff to an award of costs. While Florida law does hold that payments are treated as confessions of judgment where an insurer first disputes the claim and then settles, the existence of a bona fide dispute is a crucial condition precedent to such a holding. See TristarLodging, Inc. v. Arch Speciality Insurance Company, 434 F.Supp.2d at 1298 (citing Wollard v. Lloyd's and Companies, 439 So.2d 217, 218 n.2 (Fla. 1983)). Here, as noted above, there has been no wrongful withholding of policy payments.

Accordingly, the undersigned finds no basis for an award of attorney's fees or costs to plaintiff.

## RECOMMENDATION

Based on the foregoing, the undersigned respectfully recommends:

a. that Plaintiff Mark Katsman's Verified Motion for Attorney's Fees and Costs be DENIED; and

b. that Plaintiff's Amended Bill of Cost be DENIED.

The parties may serve and file written objections to this Report and Recommendation with the Honorable Paul C. Huck, United States District Judge, within ten (10) days of receipt.  See 28 U.S.C. §636(b)1)c); United States v. Warren, 687 F.2d 347 (11th Cir. 1982); cert. denied, 460 U.S. 1087 (1983); Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED this 19th day of May, 2011 in Miami, Florida.

_____
Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Hon. Paul C. Huck
Counsel of record